UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BOLA METIAS** | **CIVIL DOCKET NO. 6:25-cv-02122** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **KRISTI NOEM, ET AL** | **MAGISTRATE JUDGE MARK L. HORNSBY** |

## ORDER

Before the Court is Petitioner's MOTION FOR TEMPORARY RESTRAINING ORDER (the "Motion") [Doc. 5] seeking immediate release from immigration custody based on his psychological condition and the detention facility's alleged inability to adequately treat his mental health needs.

In his Motion, Petitioner asserts: (i) he suffers from severe mental health conditions, (ii) that his condition rapidly deteriorated after re-detention in December 2025, (iii) that he has not received adequate mental health care at Pine Prairie ICE Processing Center, and (iv) that continued detention poses a serious risk of self-harm or death. [Doc. 5-1, pp. 2–3]. The Motion relies primarily on: (i) a January 9, 2026, psychological evaluation (which is absent from the record) allegedly opining that detention exacerbates Petitioner's mental conditions and poses a heightened risk for self-harm or death, (ii) a declaration from Petitioner's brother (who is a physician), and (iii) a pending administrative parole request. [Doc. 5-1, pp. 3–4]; [Doc. 5-2].

Having considered the Motion and the record, the request for a temporary restraining order is DENIED. As framed, Petitioner's allegations challenge the

conditions of his confinement and the adequacy of medical and mental health care at the detention facility, which are generally not cognizable in habeas. *See e.g., Barbosa v. Barr*, 502 F. Supp. 3d 1115 (2020). Here, the Petitioner's assertions regarding: (i) lack of in-person psychiatric care, (ii) alleged failure to provide prescribed medications, and (iii) the facility's inability to deliver required treatment all stem from conditions of confinement. [Doc. 5-1, pp. 2–5]. While the Court notes that the underlying Habeas Petition [Doc. 1] challenges the legality of Petitioner's continued confinement, the emergency equitable relief requested in the pending Motion is based solely on the alleged conditions of confinement. [Doc. 5-1, p. 5]. The Petitioner therefore fails to demonstrate his entitlement to the extraordinary remedy of an *ex parte* temporary restraining order.

Accordingly,

Petitioner's MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. 5] is DENIED. This ruling does not adjudicate the merits of the underlying PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1], which will be reviewed expeditiously and in due course by the assigned Magistrate Judge.

THUS, DONE AND SIGNED in Chambers on this 23rd day of January 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE